WALDO V. MUHS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-126-CV

KENNETH WALDO AND ANGELA WALDO,      APPELLANTS

BOTH INDIVIDUALLY AND A/N/F

OF AARON WALDO, A MINOR CHILD 

V.

PAMELA MUHS, INDIVIDUALLY AND   APPELLEE

A/N/F OF AUSTIN MUHS, 

MINOR 

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On May 23, 2005, this court issued an order referring this dispute to mediation and ordering that mediation be completed by June 27, 2005. Thereafter, we extended the deadline two times, to November 17, 2005.  We further ordered as follows:

If mediation fully resolves the issues in the case, the parties shall file a joint motion for dismissal within 10 days of the conclusion of the mediation.  If the parties need more time to effectuate the terms of the settlement agreement, they must file a joint motion for extension of time to file a motion for dismissal.  The motion for extension is due within 10 days of the conclusion of the mediation.

On October 28, 2005, the court received a letter from Wade McMullen, the mediator, informing us that the parties had “fully settled” the case. Therefore, pursuant to our prior order, the parties were required to either file a joint motion to dismiss the appeal or file a joint motion for an extension of time to file a joint motion to dismiss the appeal.  The parties have not filed any such motion.

On January 10, 2006, the court notified the parties by letter that the appeal is subject to dismissal on the court’s own initiative due to the parties’ failure to comply with the court’s prior order.
(footnote: 2) 
 Neither party has filed a response.  Branon, the assignee of appellee’s judgment, has filed a response, but it does not state sufficient grounds for continuing the appeal.

Branon’s response states that the case has not been “fully settled” because appellants have not honored the memorandum of settlement agreed to during mediation.  Consequently, Branon asks the court to continue the appeal and hold appellants in contempt of the memorandum of settlement.  It appears that Branon’s sole reason for desiring to continue the appeal is to hold appellants in contempt in order to enforce the memorandum of settlement.  The memorandum of settlement is not, however, on file with this court.  Further, the remedies Branon seeks would be better pursued in the trial court.

Accordingly, we deny Branon’s motion for contempt and dismiss the appeal.
(footnote: 3) 

PER CURIAM

PANEL D: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  February 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 42.3(c).

3:
See id.;
 
Tex. R. App. P.
 43.2(f).